UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X
RICHARD CALLE,

                Petitioner,                      **MEMORANDUM & ORDER**
                                                                                     05-CV-6094 (NGG)

      - against -

UNITED STATES OF AMERICA,

                Respondent.
----------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

On May 16, 2008 Petitioner Richard Calle ("Petitioner") filed a motion to disqualify me for personal bias or prejudice pursuant to 28 U.S.C. § 144 and a motion for relief from the court's final judgments dismissing his habeas petitions pursuant to Federal Rule of Civil Procedure 60(b)(6) ("Rule 60(b)(6) Motion"). In his motion to disqualify Petitioner argues that I should have recused myself from deciding Petitioner's habeas petition because I was biased against him. (See Motion to Disqualify, (Docket Entry # 5)). In his Rule 60(b)(6) Motion, Petitioner asserts that I violated his due process rights by failing to address Petitioner's substantive claims in his habeas Petition and instead dismissing the Petition as moot. In addition, Petitioner attempts to reargue his two previous habeas petitions. (See Rule 60(b)(6) Motion (Docket Entry #6)). For the reasons set forth below, Petitioner's motions are denied.

      **I.      BACKGROUND**

Petitioner filed a habeas petition pursuant to 28 U.S.C. § 2255 on February 20, 2004 seeking relief from a conviction for obstruction of justice. After addressing Petitioner's claims, this court denied that Petition on December 16, 2004. Petitioner filed a second habeas petition

pursuant to 28 U.S.C. § 2255 on December 22, 2005 seeking to terminate his supervised release. This court denied that Petition on January 11, 2008 because, according to the United States Probation Department, Petitioner's supervised release terminated on February 21, 2006 rendering the petition moot. (January 11, 2008 Order (Docket Entry #4).)

## II. DISCUSSION

### A. *Motion to Disqualify*

Petitioner brings his motion to disqualify under 28 U.S.C. § 144. Notwithstanding the wording of this section, set forth in the margin,[1] the submission of an affidavit to the court pursuant to this section will not lead to automatic recusal. See Williams v. New York City Hous. Auth., 287 F. Supp. 2d 247, 248-49 (S.D.N.Y. 2003) (citing Nat'l Auto Brokers Corp. v. Gen. Motors Corp., 572 F. 2d 953, 958 (2d Cir. 1978) (observing that the "mere filing of an affidavit of prejudice does not require a judge to recuse himself.")). Rather, the trial judge "must review the facts included in the affidavit for their legal sufficiency and not recuse himself or herself unnecessarily." Williams, 287 F. Supp. 2d at 249. To be legally sufficient under § 144, an affidavit must show "'the objectionable inclination or disposition of the judge' [and] it must give 'fair support to the charge of a bent of mind that may prevent or impede impartiality of judgment.'" Rosen v. Sugarman, 357 F. 2d 794, 798 (2d Cir. 1966) (quoting Berger v. United States, 255 U.S. 22, 33-35 (1921)). Upon reviewing Petitioner's motion to disqualify and its supporting Affidavit, this court finds Petitioner's arguments to be without merit.

---

[1] Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding. 28 U.S.C. § 144.

Adverse judicial rulings, whether over the course of the same proceeding or in other litigation involving the party who is seeking recusal, do not constitute a basis for recusal. See Liteky v. United States, 510 U.S. 540, 555 (1994) (holding that recusal is not warranted merely because of repeated judicial rulings against the movant).

Upon review of the motion to disqualify and the accompanying Affidavit, Petitioner does not cite any material in the record to fairly suggest that I exhibited any bias at trial. (Motion to Disqualify, Affidavit of Bias or Prejudice (Docket Entry #4)). Petitioner's only argument is that my adverse rulings against him constitute bias. Petitioner's claim is therefore without merit. See In re Int'l Bus. Mach. Corp., 618 F.2d 923, 929 (2d Cir. 1980) ("A trial judge must be free to make rulings on the merits without the apprehension that if he makes a disproportionate number in favor of one litigant, he may have created the impression of bias. Judicial independence cannot be subservient to a statistical study of the calls [the judge] has made during the contest.").

B. *Motion for Relief from Judgment Order Denying Habeas Corpus Petition*

Federal Rule of Civil Procedure 60(b) provides that a court may relieve a party from final judgment for any reason justifying relief from the operation of the judgment. The Second Circuit has repeatedly held that "relief under Rule 60(b) is available with respect to a previous habeas proceeding only when the Rule 60(b) motion attacks the integrity of the habeas proceeding and not the underlying criminal conviction." Harris v. United States, 367 F.3d 74, 77 (2d Cir. 2004) (citation omitted).

Furthermore, in order to obtain relief under Rule 60(b)(6), a Petitioner must demonstrate "'extraordinary circumstances' justifying the reopening of a final judgment," which "will rarely occur in the habeas context." Gonzalez v. Crosby, 545 U.S. 524, 535 (2005). See Klapprott v.

United States, 335 U.S. 601(1949) (extraordinary circumstances that justified relief under Rule 60(b)(6) motions as errors which rose above "excusable neglect"). Petitioner makes no showing of extraordinary circumstances sufficient to justify reopening of a final judgment. Petitioner's Rule 60(b)(6) Motion is therefore denied.

### III. CONCLUSION

For the reasons stated above, Petitioner's motions are DENIED. As Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability shall not issue.

SO ORDERED.

Date: August 14, 2008          /s Nicholas G. Garaufis
      Brooklyn, N.Y.           NICHOLAS G. GARAUFIS
                               United States District Judge